```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

EARNEST JONES                              CIVIL ACTION

VERSUS                                     NO: 07-8770

STATE FARM INSURANCE COMPANY               SECTION: R(5)
```

### ORDER AND REASONS

Before the Court is defendant State Farm Fire and Casualty Company's motion to dismiss and request for attorneys' fees. For the following reasons, the Court DENIES the motion to dismiss. The Court GRANTS the request for attorneys' fees.

### I.  Background

Plaintiff Earnest Jones is a Louisiana homeowner whose home was damaged by Hurricane Katrina. Plaintiff sued his homeowners' insurer, defendant State Farm Fire and Casualty Company,[1] in state court for breach of contract and improper claims adjustment. The case was removed to federal court and is scheduled for trial on March 16, 2009. (R. Doc. 16).

---

[1] In his opposition to the motion to dismiss, plaintiff mistakenly refers to the defendant as Allstate Insurance Company. In the first line of its motion to dismiss, defendant also mistakenly refers to itself as Universal Security Instruments. State Farm Fire and Casualty Company is the only defendant in this case.

1

On April 15, 2008, defendant propounded plaintiff with interrogatories, requests for production of documents, and requests for admission. (R. Doc. 17-4. Exhibit A). Plaintiff did not respond. Defendant filed a motion to compel responses to discovery on June 30, 2008. (R. Doc. 17). Plaintiff did not file an opposition to the motion, and the motion was granted on July 14, 2008. (R. Doc. 20). The Court ordered plaintiff to respond to defendant's discovery requests within two weeks of the entry of the order. (R. Doc. 20).

Defendant claims that plaintiff never complied with the order and now moves to dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2). Plaintiff concedes that he failed to comply with the order but asserts that the failure to comply was due to his attorney's error.

## II.   Discussion

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action with prejudice when a party fails to obey a discovery order. The Fifth Circuit has noted, however, that dismissal with prejudice is a "draconian remedy," which the district court should impose only as a matter of last resort. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985). Courts should use sanctions as a "lethal weapon" only under extreme circumstances. *E.E.O.C. v.*

*General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). The Court may dismiss a case as a sanction for violating a discovery order only when the following conditions are met: (1) the refusal to comply results from bad faith or willfulness and is accompanied by delay or contumacious conduct; (2) the violation is attributable to the client instead of the attorney; (3) the violating conduct substantially prejudices the other party; and (4) a less severe sanction would not achieve the same result. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

After reviewing the facts of this case, the Court declines to impose the ultimate sanction of dismissal with prejudice for plaintiff's failure to comply with the Court's July 14, 2008 discovery order. Plaintiff claims that his attorneys were overwhelmed by discovery requests and were unable to timely respond to the requests after several employees quit over the summer. Plaintiff's counsel Kevin Tucker submitted a signed affidavit that attested to the personnel situation and stated that the delayed responses were not the fault of the client. The Court has found nothing in the record to suggest that the failure to comply with the discovery order was attributable to the client, and thus the Court will not impose the severe remedy of dismissal on the innocent client. Accordingly, the Court

DENIES defendant's motion to dismiss.

The Court nonetheless recognizes that plaintiff's failure to adequately comply with the Court's discovery order has prejudiced defendant's preparation for trial.  The Court thus ORDERS the plaintiff to respond to defendant's discovery requests within 10 days of the entry of this Order.  Additionally, the Court ORDERS plaintiff to pay defendant the reasonable attorneys' fees that it incurred in filing the motion to compel and the instant motion. If plaintiff fails to comply with this Court's order, more drastic sanctions may be appropriate.

### III. Conclusion

For the foregoing reasons, the Court DENIES defendant's motion to dismiss.  The Court ORDERS plaintiff to respond to defendant's discovery requests within 10 days of the entry of this order.  The Court further ORDERS defendant to submit evidence of the expenses incurred in filing the motion to compel and the instant motion within seven days of the entry of this order.

New Orleans, Louisiana, this 20th day of November 2008.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE